BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
MELISSA Y. LOU, DISTRICT OF COLUMBIA BAR NO. 1019069
RAYMOND E. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 454792
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

MAR 13 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD GUYON,<br>A/K/A RICK GUYON,<br>A/K/A RICK GARRISON,<br>A/K/A MARK THOMAS,<br><br>Defendant. | Case No. **CR-18-088-S-BLW**<br><br>INDICTMENT<br><br>18 U.S.C. § 1343<br>18 U.S.C. § 1349<br>18 U.S.C. § 982(a)(2)(A) |

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times relevant to the Indictment:

1.     Mountain West Bank, a division of Glacier Bank with headquarters in Coeur d'Alene, Idaho, is a financial institution as defined by 18 U.S.C. § 20(1), as an insured depository institution. Mountain West Bank offers its customers checking and savings account services, credit and debit cards, and online banking products.

INDICTMENT - 1

2. TD Ameritrade is a brokerage firm based in Omaha, Nebraska. TD Ameritrade provides online investment services for individuals and institutions.

3. The Federal Reserve Banks provide payment system services to financial institutions, among other functions.

4. Mountain West Bank and TD Ameritrade clear checks by depositing cash letters with the Federal Reserve Banks. As a result, the Federal Reserve account of the depositing institution is credited, and the Federal Reserve account of the paying institution is debited. This process results in an interstate wire transfer of financial information.

## COUNT ONE

### Conspiracy to Commit Wire Fraud
### 18 U.S.C. § 1343, 1349

5. From in or about 2015 to in or about 2017, in the District of Idaho and elsewhere, the defendant, RICHARD GUYON, A/K/A RICK GUYON, A/K/A RICK GARRISON, A/K/A MARK THOMAS, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit certain offenses against the United States, namely Wire Fraud, that is, by devising and intending to devise a scheme and artifice to defraud, as to material matters, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to misappropriate without authority money and property belonging to individual investors, by knowingly transmitting and causing to be transmitted by means of wire communication in interstate commerce any writings, signs, signals, and sounds for the purpose of executing such scheme and artifice, all in violation of Title 18, United States Code, Sections 1343 and 1349.

## MANNER AND MEANS

6. In order to further the objects and goals of the conspiracy, the defendant used the following manners and means, among others:

7. The defendant and others known and unknown to the Grand Jury made false and fraudulent representations to individual investors regarding the defendant's education, employment history, and financial condition.

8. The defendant and others known and unknown to the Grand Jury made false and fraudulent representations to individual investors that their money would be invested in financial markets and that the defendant would not collect any commissions on the investments.

9. The defendant and others known and unknown to the Grand Jury made false and fraudulent representations to individual investors regarding the returns on their investments.

10. The defendant and others known and unknown to the Grand Jury accepted money from individual investors, deposited the investors' money into bank accounts, including accounts at Mountain West Bank and TD Ameritrade, and spent the investors' money on their own personal expenses. The act of depositing the investors' money into bank accounts resulted in interstate wire transfers of financial information.

11. The defendant and others known and unknown to the Grand Jury acquired approximately $1,956,400 from individual investors.

## OVERT ACTS

12. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the District of Idaho and elsewhere:

13. In or about December 2015, the defendant and others known and unknown to the Grand Jury met with investor S.F. at the home of D.T., during which they made false and

fraudulent representations regarding the defendant's background and management of foreign investments.

14. In or about January 2016, the defendant and others known and unknown to the Grand Jury told investor N.A. that the defendant was managing his family's investment money and would include N.A. in global investments.

15. In or about spring 2016, the defendant and others known and unknown to the Grand Jury told investor D.F. that the defendant was managing his family's investment money and would be willing to include D.F. in those investments.

16. On or about April 14, 2016, the defendant and others known and unknown to the Grand Jury sent false and fraudulent statement balances to investor N.A.

17. In or about October and November 2016, the defendant and others known and unknown to the Grand Jury sent false investment balances to D.F. by text message, and falsely assured D.F. that his investments were doing well and growing.

18. On or about December 19, 2016, the defendant and others known and unknown to the Grand Jury met with investors S.F., D.M., and N.A., and other investors at the Banner Bank building in Boise, Idaho, during which they distributed false and fraudulent investment statements and made false and fraudulent representations regarding the investments.

19. On or about February 6, 2017, the defendant and others known and unknown to the Grand Jury sent false and fraudulent account statements to investors.

20. On or about March 3, 2017, the defendant and others known and unknown to the Grand Jury sent false and fraudulent account statements to investors.

21. On or about March 22, 2017, the defendant and others known and unknown to the Grand Jury met with investors at the home of D.T., during which they made false and fraudulent representations regarding the status of the investors' money.

## COUNTS TWO THROUGH EIGHT

### Wire Fraud
### 18 U.S.C. § 1343

22. The allegations set forth in Paragraphs 1 through 21 are hereby realleged as if set forth herein as part of the scheme to defraud.

23. In or about 2015 through in or about 2017, in the District of Idaho and elsewhere, the defendant, RICHARD GUYON, A/K/A RICK GUYON, A/K/A RICK GARRISON, A/K/A MARK THOMAS, did devise and intend to devise a scheme to defraud, as to material matters, individual investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to misappropriate without authority money and property belonging to individual investors.

24. On or about the respective dates below, in the District of Idaho and elsewhere, the defendant, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count of this Indictment:

| COUNT | DATE | DESCRIPTION OF WIRE | AMOUNT |
|---|---|---|---|
| 2 | 12/22/2015 | Deposit of check drawn on E-Trade Bank on behalf of S.F. | $100,000 |
| 3 | 4/15/2016 | Deposit of check drawn on E-Trade Bank on behalf of S.F. | $150,000 |
| 4 | 5/24/2016 | Deposit of check drawn on Digital Federal Credit Union on behalf of D.F. | $30,000 |
| 5 | 7/22/2016 | Deposit of cashier's check drawn on Wells Fargo Bank on behalf of N.A. | $80,000 |
| 6 | 10/11/2016 | Deposit of cashier's check drawn on Idaho Central Credit Union on behalf of S.F. | $200,000 |
| 7 | 10/11/2016 | Deposit of check drawn on Zions Bank on behalf of D.M. | $250,000 |
| 8 | 2/17/2017 | Deposit of cashier's check drawn on Columbia Bank on behalf of N.A. | $15,000 |

All in violation of Title 18, United States Code, Section 1343.

## CRIMINAL FORFEITURE ALLEGATION
### Wire Fraud Forfeiture
### 18 U.S.C. § 982(a)(2)(A)

Upon conviction of the offenses alleged in Counts One through Eight of this Indictment, in violation of 18 U.S.C. §§ 1343 and 1349, the defendant, RICHARD GUYON, A/K/A RICK GUYON, A/K/A RICK GARRISON, A/K/A MARK THOMAS, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property.</u>  The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived

INDICTMENT - 6

from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable. The defendant obtained and controlled at least $1,956,400 in unrecovered forfeitable property.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 13th day of March, 2018.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

INDICTMENT - 7

BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Melissa Y. Lou*
MELISSA Y. LOU
RAYMOND E. PATRICCO
ASSISTANTS UNITED STATES ATTORNEY

INDICTMENT - 8