BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
RAYMOND E. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 454792
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD GUYON,<br>A/K/A RICK GUYON,<br>A/K/A RICK GARRISON,<br>A/K/A MARK THOMAS,<br><br>Defendant. | Case No. 18-CR-0088-BLW<br><br>**RULE 11 PLEA AGREEMENT** |

Rev. August 2017 (General)

I. **GUILTY PLEA**

A. **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1), the defendant, the attorney for the defendant, and the government[1] agree that the defendant will plead guilty to Count Five of the Indictment, which charges the defendant with Wire Fraud, in violation of 18 U.S.C. § 1343. The defendant will also admit the asset forfeiture allegation in the Indictment.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this agreement, the government will dismiss Counts One through Four and Counts Six through Eight of the Indictment, and recommend a sentence within the guidelines range calculated by the Court.

B. **Oath.** The defendant will be placed under oath at the plea hearing. The government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

II. **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

The defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence

---

[1] The word "government" in this Agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**   1   Rev. August 2017 (General)

without having that held against the defendant. If the Court accepts the defendant's guilty plea, there will be no trial.

### III. NATURE OF THE CHARGES

A. **Elements of the Crime.** The elements of the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, as charged in Count Five of the Indictment, are as follows:

1. The defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

2. The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3. The defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

4. The defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

B. **Factual Basis.** If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

From in or about 2015 to in or about 2017, in the District of Idaho and elsewhere, the defendant, RICHARD GUYON, A/K/A RICK GUYON, A/K/A RICK GARRISON, A/K/A MARK THOMAS, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, as to material matters, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to misappropriate without authority money and property belonging to individual investors, by knowingly transmitting and causing to be transmitted by means of wire communication in interstate commerce any writings, signs, signals, and sounds for the purpose of executing such scheme and artifice.

It was part of the scheme and artifice that:

1. The defendant solicited money from investors.

2.  The defendant made false and fraudulent representations to individual investors that all of their money would be invested in financial markets and that the defendant would not collect any commissions on the investments.

3.  The defendant made false and fraudulent representations to individual investors regarding the defendant's education, employment history, and financial condition.

4.  The defendant made false and fraudulent representations to individual investors regarding the returns on their investments. Specifically, the defendant provided investors with false and fraudulent monthly account statements showing positive returns on investments.

5.  The defendant caused the investors' money to be deposited into bank accounts, including accounts at Mountain West Bank and TD Ameritrade, and spent the investors' money on his own personal expenses. The act of depositing the investors' money into bank accounts resulted in interstate wire transfers of financial information.

6.  In total, the defendant acquired $1,956,400 from individual investors.

7.  In so doing, the defendant acted knowingly and with the intent to defraud investors, that is, the intent to deceive and cheat them.

On or about July 22, 2016, for the purpose of executing the scheme and artifice to defraud, the defendant deposited an $80,000 cashier's check from N.A. drawn on Wells Fargo Bank. As a result, the defendant caused interstate wire communications between the Wells Fargo Bank and the Federal Reserve to clear the funds.

The defendant's scheme to defraud investors: (i) resulted in an actual loss of between $1,500,000 and $3,500,000; (ii) resulted in a substantial financial hardship to investor-victim R.F., who personally lost approximately $1,281,783 and (iii) involved the defendant acting as a

organizer, leader, manager, and supervisor of one or more other participants, namely D.T., J.O., and A.G.

## IV. SENTENCING FACTORS

A. **Penalties.** A violation of Wire Fraud, in violation of 18 U.S.C § 1343, as charged in Count Five of the Indictment, is punishable by:

1. a term of imprisonment of 20 years;
2. a term of supervised release of not more than 3 years;
3. a maximum fine of $250,000, and a special assessment of $100.

B. **Supervised Release.** The court may impose a period of supervised release. No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

C. **Fines and Costs.** The court may impose a fine. No agreement exists as to the amount of the fine. The court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

D. **Special Assessment.** The defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724.

E. **Restitution.** In addition to any forfeiture, fine, or costs imposed, the defendant agrees to pay restitution equal to the loss caused to any victim of the charged offense pursuant to any applicable statute. The defendant agrees to pay restitution in the sum of $1,956,400. The

**Plea Agreement**  4  Rev. August 2017 (General)

defendant agrees that all monetary penalties imposed by the court, including restitution, will be due immediately and subject to immediate enforcement by the government. The defendant agrees that any payment schedule or plan set by the court is merely a minimum schedule of payments and neither the only method, nor a limitation on the methods, available to the government to enforce the judgment, unless the court specifically states otherwise. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States sentencing guidelines ("USSG") §3E1.1.

**Forfeiture.** The defendant understands that the court will, upon acceptance of the defendant's guilty plea, enter a forfeiture order as part of the defendant's sentence. The defendant agrees immediately to forfeit to the government: the property set out in the forfeiture allegation of the information to which the defendant is pleading; to wit: any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property.</u> The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable. The defendant obtained and controlled at least $1,956,400 in unrecovered forfeitable property.

2. <u>Substitute Assets.</u> The defendant agrees to forfeiture of the following as substitute assets: Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant" up to the value of the

defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. the property cannot be located upon the exercise of due diligence;
b. the property has been transferred, sold to, or deposited with a third person;
c. the property has been placed beyond the jurisdiction of the court;
d. the property has been substantially diminished in value; and/or
e. the property has been commingled with other property that cannot be subdivided without difficulty.

Forfeiture of substitute assets shall not constitute an alteration in the defendant's sentence.

The defendant agrees that the forfeitures herein are separate from all other penalties, including monetary ones, and are also separate from restitution. The defendant agrees to consent to abandonment proceedings as to forfeitable property herein, and to the entry of orders of forfeiture for such property, including civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture. Finally, the defendant agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding: (a) notice of the forfeiture in the charging instrument, (b) advice regarding the forfeiture at the change-of-plea hearing, (c) announcement of the forfeiture at sentencing, and (d) incorporation of the forfeiture in the judgment. If this agreement is withdrawn for any reason, the defendant waives the right to contest all civil and administrative forfeitures that began before the withdrawal.

The defendant agrees to assist fully in the forfeiture of the foregoing assets, and to take all steps necessary to pass clear title to the forfeited assets to the government. The defendant will thus, for example, execute all documents necessary to transfer such title, assist in bringing any assets located outside of the United States within the jurisdiction of the United States, take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, etc.

The defendant will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, related civil forfeiture case, or petition for remission or mitigation of forfeiture. Further, the defendant will testify truthfully in any such proceeding. The defendant agrees to waive all challenges, on any grounds, to any forfeiture carried out in accordance with this agreement.

The defendant is the sole owner of the properties and property interests listed above, except as specifically set out herein. If the defendant is not the sole owner of these properties and interests, representations are false or inaccurate, the government may pursue any and all forfeiture remedies available at law or equity based on the violations covered by this agreement.

The defendant agrees that the forfeiture provisions of this agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall bind the defendant's heirs, successors and assigns until the agreed forfeiture is collected in full. This includes any agreed money judgment amount. If the crime(s) involved victims, then the defendant acknowledges and agrees that this agreement to disgorge the defendant's wrongfully-obtained criminal proceeds for the benefit of the defendant's victims is remedial in nature. Therefore, the defendant intends disgorgement to be completed regardless of any possible future abatement of defendant's criminal conviction. The court shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

## V. UNITED STATES SENTENCING GUIDELINES

A. **Application of Sentencing Guidelines.** The court must consider the USSG in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The court is not a party to this agreement. The agreement does not bind the court's determination of the USSG range. The court will identify the factors that will determine the sentencing range under the USSG. While the court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the court is not bound by this agreement, the parties agree to the recommendations and requests set forth below.

**B.     Sentencing Guidelines Recommendations and Requests.**

1.    **Government's Statements at Sentencing.** The government reserves the right to fully allocute at sentencing regarding any sentencing recommendation and to rely on any information in support of its recommendation regardless of whether the information is contained in the plea agreement or the presentence report.

2.    **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the government will withdraw or decline to make such a recommendation.



3. **Guidelines Calculations.** The parties agree that the following USSG calculations apply:

| | | | |
|---|---|---|---|
| a. | § 2B1.1(a)(1): Base Offense Level | | 7 |
| b. | § 2B1.1(b)(1)(I): More than $1,500,000 loss | | +16 |
| c. | § 2B1.1(b)(2)(A)(iii): Financial hardship to one or more victims | | +2 |
| d. | §3B1.1(c): Organizer, leader, manager, supervisor | | +2 |
| e. | § 3E1.1(a): Acceptance of Responsibility | | -3 |
| f. | Adjusted Offense Level | | = 24 |

The parties also agree that the two-level enhancement for sophisticated means in § 2B1.1(b)(1)(C) does not apply.

1. **Amount of Loss.** The parties agree that the amount of loss is $1,956,400.

2. **Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and the defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

## VI. COOPERATION

A. **Truthful Information and Assistance.** The defendant promises to provide truthful and complete information to the government and its investigative agencies, including testimony in legal and administrative proceedings, concerning the defendant's role and the roles of all others involved in offense-related behavior and other criminal activity. The defendant shall not attempt to protect anyone through false information or omission. The defendant will not falsely implicate anyone. Any intentional deviation from the truth in any of the defendant's testimony may result in prosecution for perjury and obstruction of justice. The defendant's duty

under the terms of this agreement is to tell the truth whether or not it bolsters the government's case against any particular individual. The defendant specifically understands that this agreement is not contingent upon the conviction of any person or the forfeiture of any property.

The defendant agrees to cooperate in good faith. This means the defendant will not only respond truthfully and completely to all questions asked but will also volunteer all information that is reasonably related to subjects discussed. In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached the agreement because the defendant was not specifically asked. This agreement is breached by any action or statement inconsistent with continued cooperation. Determination of a breach is solely within the discretion and determination of the attorney for the government. The defendant acknowledges that any breach of this cooperation agreement will absolve the government of any obligation for consideration based upon cooperation and will constitute grounds for the government to withdraw from this agreement. The defendant further acknowledges that the government's decision not to grant consideration for cooperation based on a determined breach will not constitute grounds for the defendant to withdraw from this agreement.

The defendant agrees to be available for interviews to prepare for testimony. If requested, the defendant will submit to government-administered polygraph examinations.

The defendant agrees to identify all property related to the defendant's crimes to which the defendant has pleaded guilty, and any relevant conduct. The defendant will identify the extent of any person's or entity's (including defendant's) interest in any such property. The defendant agrees to assist in the recovery and forfeiture of such property to the government.

    B.    **Use of Information Against Defendant.** In exchange for the defendant's agreement, the government will not use new information the defendant provides (pursuant to this agreement) about the defendant's own criminal conduct. The government may reveal such



information to the court. There shall be no restrictions, however, on the use of information: 1) previously known to law enforcement agencies; 2) revealed to law enforcement agencies by, or discoverable through, an independent source; or 3) in the event there is a breach of this agreement.

    C.    **Substantial Assistance Determination.** If the government determines, in good faith, that the defendant's cooperation amounts to "substantial assistance" in the investigation of others, the government will request that the court depart downward from the applicable sentencing range, pursuant to USSG § 5K1.1 and/or any mandatory minimum sentence, pursuant to 18 U.S.C. § 3553(e). Pursuant to *United States v. Auld*, 321 F.3d 861 (9th Cir. 2002) and *United States v. Jackson*, 577 F.3d 1032 (9th Cir. 2009), the defendant understands that any motion for downward departure must be made as a reduction from the applicable guideline range or the statutory minimum sentence, whichever is greater, consistent with USSG § 5G1.1(b). This will be the base offense level regardless of whether the government also makes a motion for a sentence below the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). The defendant further understands that if the base offense level is based on a statutory minimum sentence, no other reductions in the offense level will be allowed, including acceptance of responsibility, other than the reduction for substantial assistance. If the government determines the defendant has not provided substantial assistance, the government will not move for a downward departure.

    The government's final decision whether to file motions pursuant to § 5K1.1 and/or 18 U.S.C. § 3553(e) will be made after evaluating the defendant's cooperation with regards to: 1) the significance and usefulness of the defendant's cooperation, 2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant, 3) the nature and extent of the defendant's assistance, 4) any injury suffered, or any danger or risk of injury to the defendant or defendant's family resulting from the defendant's cooperation, and 5) the timeliness of the



defendant's cooperation. The government's specific recommendation will turn on the facts of the case, the sentence that likely would have been imposed absent an agreement, and the extent and value of the cooperation provided. The government's decision not to file such a motion will not constitute grounds for the defendant to withdraw from this agreement.

    D.    **Defendant's Assumption of Risk.** The defendant agrees freely and voluntarily to cooperate with the government, knowing the possible consequences of cooperation. The defendant's attorney knows of the defendant's cooperation and agrees that the defendant shall enter into this agreement. The defendant hereby absolves the government, including its employees, from any liability associated with this cooperation.

## VII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

    A.    **Waiver:** In exchange for this agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. The waiver of the challenge to the conviction includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction.

    The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and will allow the government to withdraw from the agreement and take other remedial action.

    If the defendant believes the government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

    B.    **Exceptions:**

1.  **Direct Appeal:** Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

    a.  the sentence imposed by the court exceeds the statutory maximum;

    b.  the court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

    c.  the court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the court.

The defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2.  **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States probation office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligations in this agreement. Such failure and response by the government will not, however, constitute grounds for withdrawing the plea of guilty unless the government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## IX. DISCLOSING FINANCIAL INFORMATION

The defendant agrees to disclose all of the defendant's assets and sources of income to the government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest. The defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the



government. The defendant agrees truthfully to complete a personal financial statement within fourteen days from the date the defendant signs this agreement. If the government provides a financial statement to be completed, the defendant agrees to complete the financial statement truthfully and accurately within fourteen days from the date the defendant signs this agreement or the date the financial statement is provided to the defendant or counsel, whichever is later. The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements as required herein, may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The defendant authorizes the government: (a) to obtain a credit report on the defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain financial records related to the defendant.

Before sentencing, defendant agrees not to dissipate any assets without the consent of both the government's financial litigation unit and the asset forfeiture unit. If any assets are sold, any sale proceeds received from sale of assets will be deposited with the clerk and, upon sentencing, paid toward any monetary penalties due as ordered in the judgment.

## X. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this agreement or the guilty plea, regardless of the court's actions.

## XI. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the government is relieved of any obligation: 1) to make a

sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. In addition, if the government determines after sentence is imposed that the defendant's breach of the agreement warrants further prosecution, the government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the government determines that a breach warrants prosecution before sentencing, it may withdraw from the agreement in its entirety.

The government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B.  **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the defendant does not enter an acceptable plea, the government will move to continue the trial now set to allow the government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

XII.  **MISCELLANEOUS**

A.  **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the

attorney for the defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the government in this agreement (i.e., the United States Attorney's Office for the District of Idaho). The government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the request of the defendant or defense counsel.

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this agreement no later than 5:00 p.m. on June 4, 2018.

C. **Risk of Removal from the United States.** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however. While arguments may be made in such a proceeding, it is virtually certain that defendant will be removed from the United States. The defendant nevertheless affirms that the defendant wants to plead guilty.

## XIII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____     _6/5/18_____
RAYMOND E. PATRICCO                    Date
Assistant United States Attorney

## XIV. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_____     _6/4/2018_____
RICHARD GUYON                          Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all

**Plea Agreement**          17                    Rev. August 2017 (General)

written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_____  
CRAIG ATKINSON  
Attorney for the defendant

_6/4/18_____  
Date